## W. W. WILHOIT *v.* J. P. and S. C. CASTELL.

BILLS AND NOTES. *Transfer of note after injunction. Conflicting claims.* Where an injunction and attachment were issued and served upon the maker and the payee of a note under a bill for a divorce and alimony filed by the wife of the payee, and the payee, the husband, with knowledge of the injunction, assigned the note for valuable consideration, and gave notice to the debtor, and the assignee took the assignment with the consent of the wife, and not to interfere with her claim to alimony; upon bill filed by a judgment creditor of the husband to subject the proceeds to his debt,

W. W. Wilhoit *v.* J. P. and S. C. Castell.

*Held,* That the injunction rendered a transfer of the note by the husband null and void so far as such transfer might affect the claim of the wife to the proceeds of the note for purposes of alimony or support; but subject to this, the transfer of the note or an attachment of it by a creditor of the husband would not be null and void. The assignee or the creditor would hold it subject to the claim fixed by the wife's injunction and attachment.

Cases cited: McGhee *v.* McGhee, 2 Sneed, 223; Greenwall *v.* Roberts, 4 Heisk., 500.

Authority cited: Kerr on Injunction, 12.

## FROM BEDFORD.

Appeal from the Chancery Court. JOHN P. STEELE, Chancellor.

THOMAS R. MYERS for Wilhoit.

CALDWELL & WARDER for Castell.

NICHOLSON, C. J., delivered the opinion of the Court.

On the 5th day of July, 1870, Elizabeth C. Castell filed her bill in the Chancery Court at Shelbyville against her husband, J. P. Castell, praying for a divorce and alimony; and to secure alimony she procured an attachment, to be levied on a note for $1,100, payable to her husband by F. M. Morris, as administrator of E. W. Stone, and an injunction restraining J. P. Castell from transferring the note, and F. M. Morris from paying it to J. P. Castell.

At the September Term, 1870, the Chancellor made a decree granting to E. C. Castell a divorce from bed and board, ordering F. M. Morris to pay to the Clerk and Master whatever remains of the note at-

tached, out of which he was directed to appropriate to the support of E. C. Castell and her children the sum of $25 per month until the next Term, or until the further order of the Court.

It appears that the note attached was for $1,100, payable December 25th, 1870, at the election of J. P. Castell, in two mules and a two-horse wagon at valuation, and the maker, Stone, was to satisfy other specified liabilities of Castell. After deducting the credits it appears that the amounts realized and paid to the Clerk and Master by Morris, as administrator of Stone, was about $329. After appropriating an amount of the proceeds of the note sufficient to pay costs, solicitor's fees, and for the support of E. C. Castell for a few months, as ordered by the Court, there remained in the hands of the Clerk and Master about $125.

The amount so left in the hands of the Clerk and Master is claimed by W. W. Wilhoit, a judgment creditor of J. P. Castell, and by James A. Warder as assignee of the $1,100 note. After the decree of divorce was pronounced, and the proceeds of the note ordered to be paid into Court, Wilhoit filed this bill against J. P. Castell and his wife, E. C. Castell, alleging that he recovered a judgment against J. P. Castell in April, 1870, for about $140, on which execution had been returned *nulla bona,* claiming that he was entitled to the fund in Court in preference to E. C. Castell, the wife, and asking its appropriation to his debt. James A. Warder obtained leave to become defendant to Wilhoit's bill, and to file his answer.

He claims the fund in Court as assignee of J. P. Castell, and produces the note with an assignment thereon dated in July, 1870. He proves that he received the note in payment of debts due to him by J. P Castell as his solicitor, and for claims to others which he had paid or assumed to pay, amounting in all to about $135. The assignment was made after the injunction issued in the divorce case, enjoining J. P. Castell from transferring the note, and with knowledge of the existence of the injunction, but he proves that he took the assignment with the consent of E. C. Castell, and not to interfere with her claim to alimony under her bill, and that notice was given to Morris, the debtor.

The Chancellor held that the claim of Willhoit, as creditor, was superior to that of E. C. Castell, the divorced wife, and to that of Warder, because Warder's assignment was void, being in violation of the injunction, and his decree was according to this holding. Warder alone appealed.

The only question to be determined in the attitude of the case here is, whether the assignment of the note by J. P. Castell to Warder in violation of the injunction, renders the assignment void, so as to defeat his right to the fund. It is shown that the assignment was for valuable consideration, and the note endorsed and delivered to the assignee, and notice of the assignment given to the debtor · some months before Wilhoit filed his bill.

This was sufficient to give the assignee priority of

claim to the fund, unless the fact that the assignment violated the injunction defeated this right. An interlocutory injunction is merely provisional in its nature, and does not conclude a right. Its effect and object is merely to preserve the property in dispute in *statu quo* until the hearing or further order. Kerr on Injunctions, 12. In the present case E. C. Castell procured the injunction to preserve the note attached in *statu quo*, to be subjected to her claim to alimony or support if her application for divorce should be successful. But her claim to alimony or support was subordinate to the claims of *bona fide* creditors, as held in *McGhee* v. *McGhee*, 2 Sneed, 223. It follows that the injunction could have no effect in preventing the creditors of J. P. Castell from seeking satisfaction of their debts out of his property pending the suit for divorce.

The operation of the injunction was personal upon J. P. Castell to prevent him from transferring the note, and upon Morris, the maker of the note, to prevent him from paying it, so as to defeat the claim for alimony or support set up by E. C. Castell. It rendered a transfer of the note by J. P. Castell null and void, so far as such transfer might interfere with or affect the claim of E. C. Castell to the proceeds of the note for the purpose of her alimony or support; but subject to this, the transfer of the note, or an attachment of it by a creditor of J. P. Castell, would not be null and void. In both cases the assignee or the attaching creditor would hold the note

subject to the claim of E. C. Castell as fixed by her injunction and attachment. This Court so held in the case of *Greenwall* v. *Roberts*, 4 Heisk., 500.

It follows, that the Chancellor erred in holding that the transfer of the note by J. P. Castell to Warder was absolutely void, and that Wilhoit was entitled to priority of satisfaction. Whether either Warder or Wilhoit was entitled to priority over E. C. Castell, as held by the Chancellor, we are not called upon to decide, as she has acquiesced in the decree by failing to appeal.

The decree will be reversed to the extent indicated, and decree rendered declaring the fund to belong to Warder, and Wilhoit will pay the costs of the Court below and of this Court.